UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRITTANY JACKS HIGGINBOTHAM**           **CIVIL ACTION**

**VERSUS**                                **NO.  13-646-SDD-RLB**

**RAMONA-JO G. DONALD, CHARLES
R. BROWN, PENSKE TRUCK LEASING
CORPORATION, WILMAC ENTER-
PRISES, L.L.C. and OLD REPUBLIC
INSURANCE COMPANY**

## ORDER

Before the court is the Ex-Parte Motion to Extend Briefing Deadline to Oppose Motion to Remand filed by Charles R. Brown, Companion Property and Casualty Insurance Company, Wilmac Enterprises, L.L.C. (the "Removing Defendants") (R. Doc. 5).  For the following reasons, the motion is **GRANTED in part and DENIED in part**.

**I.    Background**

On August 26, 2013, Plaintiff filed this lawsuit in state court seeking recovery for damages in an accident involving a vehicle driven by Ramona-Jo G. Donald, in which Plaintiff was a passenger, and an 18-wheel truck driven by defendant Charles R. Brown (R. Doc. 1-1 at 13-15).  Plaintiff named as defendants Ms. Donald, Mr. Brown, Mr. Brown's employer, Wilmac Enterprises, L.L.C. ("Wilmac"),[1] and Companion Property and Casualty Insurance Company ("Companion").[2]  Plaintiff alleges that the accident and her resulting injuries were caused in part

---

[1] The Petition also named Penske Truck Leasing Corporation as a defendant and possible employer of Mr. Brown.  Plaintiff voluntarily dismissed Penske from the action in state court (R. Doc. 1-1 at 1).

[2] The Petition alleges that Old Republic Insurance is Wilmac's insurance carrier.  Plaintiff voluntarily dismissed Old Republic Insurance from the action in state court (R. Doc. 1-1 at 1).  In her First Supplemental and Amending Petition, Plaintiff named Companion as Wilmac's

by Ms. Donald's negligence "in that she failed to maintain a proper lockout, she was inattentive and/or distracted, and, other acts of negligence that may be shown on the trial of this matter." (R. Doc. 1-1 at 14).[3] Similarly, Plaintiff alleges that the accident and her resulting injuries were caused in part by Mr. Brown's negligence "in that Charles R. Brown came into the lane of [Plaintiff's] vehicle and struck [Plaintiff's] vehicle, causing it to flip, he was inattentive and/or distracted, he failed to yield to [Plaintiff's] vehicle, and, other acts of negligence that may be shown on the trial of this case." (R. Doc. 1-1 at 14).

On September 25, 2013, the Removing Defendants removed this action, alleging the court has diversity jurisdiction and that Ms. Donald "has been joined as a defendant fraudulently or improperly, for the specific purpose of defeating diversity and preventing removal of this action to federal court." (R. Doc. 1 at 4).[4] The Removing Defendants further allege in the notice of removal that Ms. Donald "was in no way at fault in the accident and [Plaintiff] has no possible cause of action against her under Louisiana law." (R. Doc. 1 at 4). In support of these allegations, the Removing Defendants attached to their notice of removal (1) an affidavit by Mr. Brown stating, among other things, that "[h]e knows that Ramona-Jo G. Donald did not do anything to cause or contribute to the collision that occurred on September 21, 2013" (R. Doc. 1-1 at 3), and (2) a copy of the police accident report stating, among other things, that Ms. Donald stated she was passing Mr. Brown's truck and the truck "started coming over on her and there was [nowhere] to go." (R. Doc. 1-1 at 10).

---

insurance provider.

[3] Ms. Donald filed an Answer and Petition in Cross-Claim for Damages seeking recovery of damages from Mr. Brown, Wilmac, and Companion (R. Doc. 1-1 at 19-22).

[4] The Plaintiff and Ms. Donald are both citizens of Louisiana. The Removing Defendants are citizens of either Texas or South Carolina.

On October 23, 2013, Plaintiff filed a Motion to Remand arguing that the court does not have diversity jurisdiction over this matter because the Removing Defendants have not demonstrated that Plaintiff has no possibility of recovery against Ms. Donald. (R. Doc. 4). More specifically, Plaintiff argues that under Louisiana's general negligence principles, whether Ms. Donald's conduct "was a substantial factor in bringing about the harm, and thus, a cause in fact of the injuries, is a factual question to be determined by the fact finder." (R. Doc. 4-1 at 8). Similarly, Plaintiff argues that the "finding of percentages of fault pursuant to the [Louisiana] comparative fault article is a factual determination." (R. Doc. 4-1 at 8). In short, Plaintiff argues that the Removing Defendants have not submitted facts establishing that Ms. Donald was not, to some degree, at fault in causing the accident, and, therefore, she is a proper, non-diverse party. (R. Doc. 4-1 at 9-11).

The Removing Defendants did not file an opposition to Plaintiff's Motion to Remand. Instead, the Removing Defendants filed the instant motion seeking a "60-day extension of the 21-day deadline to submit their opposition . . . to allow additional time to conduct limited jurisdictional discovery on the fraudulent joinder issue." (R. Doc. 5 at 1). The discovery sought by the Removing Defendants includes, but is not limited to, "taking the depositions of Ramona-Jo Donald and Plaintiff" (R. Doc. 5-1 at 1). It appears that the Removing Defendants intend to conduct discovery into all factual aspects that would inform a determination of whether Ms. Donald was at all at fault in causing the accident.

## II.   Law and Analysis

Although the court is not currently addressing Plaintiff's Motion to Remand,[5] the law governing improper joinder in the Fifth Circuit necessarily informs whether the Removing

---

[5] The Magistrate Judge will issue a separate Report and Recommendation to the District Judge

3

Defendants should be allowed to conduct remand-related jurisdictional discovery at this point in the litigation.

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiffs. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiffs have any "possibility of recovery" against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*.

Generally, a district court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. Where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," however, the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. Although the court has discretion regarding whether the

---

regarding Plaintiff's pending Motion to Remand (R. Doc. 4). This Order only addresses whether the Removing Defendants should be entitled to jurisdictional discovery and a corresponding extension of time to file an Opposition to Plaintiff's motion.

parties may conduct jurisdictional discovery, the Fifth Circuit has signaled that such discretion should be limited to where the jurisdictional discovery is likely to identify "discrete and undisputed facts" that will summarily resolve the improper joinder issue:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74. As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the court offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12. Furthermore, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction. . . ." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Here, the Removing Defendants have not explained what "discrete and undisputed facts" could be identified through jurisdictional discovery to summarily dispose of the improper joinder issue. On the contrary, it appears that the Removing Defendants must conduct discovery on all factual aspects of the accident—the speeds the parties were travelling, the distances of the

5

vehicles before the collision, whether Ms. Donald properly signaled that she was passing Mr. Brown's truck, etc.—that would inform whether Ms. Donald was at all at fault.[6]

The Court is unconvinced that jurisdictional discovery regarding the fault of Ms. Donald in the underlying accident can be conducted in a manner that would not require the court to conduct a mini-trial of the Plaintiff's claims.  Unlike a deposition limited to determining the citizenship of a party or some "other fact that easily can be disproved if not true," the depositions proposed by the Removing Defendants likely "would take this Court well beyond its role in determining jurisdiction, and into the merits of the case."  *Richoux v. CSR Ltd.*, No. 08-931, 2008 WL 576242, at *5 (E.D. La. Feb. 29, 2008) (declining to allow for additional jurisdictional discovery so defendant could be "afforded an opportunity to meet its removal burden"); *see also Alonzo v. Reflection Video Prods.*, No. M-11-25, 2011 WL 1668629, at *5 (S.D. Tex. May 3, 2011) (refusing jurisdictional discovery where removing defendant's "improper joinder argument is premised on its assertion that [the plaintiff's] claims against [the allegedly improperly joined defendant] have no basis in fact"); *Rowan Companies, Inc. v. Signal Int'l, LLC*, No. H-07-3397, 2007 WL 4377818, at *3 (S.D. Tex. Dec. 12, 2007) ("Because the arguments raised by Defendant would involve significant discovery and would require the Court to decide the merits of Plaintiffs' claims, the Court exercises its discretion against engaging in a summary inquiry.")

### III.  Conclusion

For the reasons set forth above, the court will not grant the Removing Defendants leave to conduct depositions of Plaintiff or Ms. Donald or any other jurisdictional discovery.  In light of the denial of jurisdictional discovery, the court further concludes that the 60-day extension of

---

[6] In support of their motion, the Removing Defendants reference the various factual issues raised by Plaintiff in her motion to remand. (R. Doc. 5-1 at 5 n. 19).

the briefing schedule requested by the Removing Defendants is not merited.  The court will, however, grant the Removing Defendants a brief extension to submit an opposition, if any, to the pending motion to remand.

**IT IS HEREBY ORDERED** that the Ex-Parte Motion to Extend Briefing Deadline to Oppose Motion to Remand (R. Doc. 5) is **GRANTED in part and DENIED in part**. The Removing Defendants are denied leave to conduct jurisdictional discovery, including depositions, regarding the alleged improper joinder of defendant Ramona-Jo G. Donald.  The Removing Defendants shall have until **December 2, 2013** to file their opposition, if any, to Plaintiff's Motion to Remand (R. Doc. 4).

Signed in Baton Rouge, Louisiana, on November 19, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**