UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRITTANY JACKS HIGGINBOTHAM                CIVIL ACTION

VERSUS                                      NO. 13-646-SDD-RLB

RAMONA-JO G. DONALD, CHARLES
R. BROWN, PENSKE TRUCK LEASING
CORPORATION, WILMAC ENTER-
PRISES, L.L.C. and OLD REPUBLIC
INSURANCE COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 17, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRITTANY JACKS HIGGINBOTHAM           CIVIL ACTION

VERSUS                                NO.  13-646-SDD-RLB

RAMONA-JO G. DONALD, CHARLES
R. BROWN, PENSKE TRUCK LEASING
CORPORATION, WILMAC ENTER-
PRISES, L.L.C. and OLD REPUBLIC
INSURANCE COMPANY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on referral from the district judge of the plaintiff's Motion to Remand.  (R. Doc. 4).  The motion is opposed.  (R. Doc. 8).  The issue is whether a defendant was improperly joined to defeat diversity jurisdiction under 28 U.S.C. § 1332.

**I.      Background**

On August 26, 2013, Plaintiff Brittany Jacks Higginbotham filed this lawsuit in state court seeking recovery for damages in an accident involving a vehicle driven by Ramona-Jo G. Donald, in which Plaintiff was a passenger, and an 18-wheel truck driven by defendant Charles R. Brown (R. Doc. 1-1 at 13-15).  Plaintiff named as defendants Ms. Donald, Mr. Brown, Mr. Brown's employer, Wilmac Enterprises, L.L.C. ("Wilmac"),[1] and Companion Property and Casualty Insurance Company ("Companion").[2]  Plaintiff alleges that the accident and her resulting injuries were caused in part by Ms. Donald's negligence "in that she failed to maintain a proper lookout, she was inattentive and/or distracted, and other acts of negligence that may be

---

[1] The Petition also named Penske Truck Leasing Corporation as a defendant and possible employer of Mr. Brown.  Plaintiff voluntarily dismissed Penske from the action in state court (R. Doc. 1-1 at 1).
[2] The Petition alleges that Old Republic Insurance is Wilmac's insurance carrier.  Plaintiff voluntarily dismissed Old Republic Insurance from the action in state court (R. Doc. 1-1 at 1).  In her First Supplemental and Amending Petition, Plaintiff named Companion as Wilmac's insurance provider.

1

shown on the trial of this matter." (R. Doc. 1-1 at 14).[3]  Similarly, Plaintiff alleges that the accident and her resulting injuries were caused in part by Mr. Brown's negligence "in that Charles R. Brown came into the lane of [Plaintiff's] vehicle and struck [Plaintiff's] vehicle, causing it to flip, he was inattentive and/or distracted, he failed to yield to [Plaintiff's] vehicle, and, other acts of negligence that may be shown on the trial of this case." (R. Doc. 1-1 at 14).

On September 25, 2013, the Removing Defendants removed this action, alleging the court has diversity jurisdiction and that Ms. Donald "has been joined as a defendant fraudulently or improperly, for the specific purpose of defeating diversity and preventing removal of this action to federal court." (R. Doc. 1 at 4).[4]  The Removing Defendants further allege in the notice of removal that Ms. Donald "was in no way at fault in the accident and [Plaintiff] has no possible cause of action against her under Louisiana law." (R. Doc. 1 at 4).  In support of these allegations, the Removing Defendants attached to their notice of removal (1) an affidavit by Mr. Brown stating, among other things, that "[h]e knows that Ramona-Jo G. Donald did not do anything to cause or contribute to the collision that occurred on September 21, 2013" (R. Doc. 1-1 at 3), and (2) a copy of the police accident report stating, among other things, that Ms. Donald stated she was passing Mr. Brown's truck and the truck "started coming over on her and there was [nowhere] to go." (R. Doc. 1-1 at 10).

## II. Argument of the Parties

On October 23, 2013, Plaintiff filed the instant Motion to Remand arguing that the court does not have diversity jurisdiction over this matter because the Removing Defendants have not demonstrated that Plaintiff has no possibility of recovery against Ms. Donald. (R. Doc. 4).  More

---

[3] Ms. Donald filed an Answer and Petition in Cross-Claim for Damages seeking recovery of damages from Mr. Brown, Wilmac, and Companion. (R. Doc. 1-1 at 19-22).
[4] The Plaintiff and Ms. Donald are both citizens of Louisiana.  The Removing Defendants are citizens of either Texas or South Carolina.

2

specifically, Plaintiff argues that under Louisiana's general negligence principles, whether Ms. Donald's conduct "was a substantial factor in bringing about the harm, and thus, a cause in fact of the injuries, is a factual question to be determined by the fact finder." (R. Doc. 4-1 at 8). Similarly, Plaintiff argues that the "finding of percentages of fault pursuant to the [Louisiana] comparative fault article is a factual determination." (R. Doc. 4-1 at 8). In short, Plaintiff argues that the Removing Defendants have not submitted facts establishing that Ms. Donald was not at fault to some degree and, therefore, properly joined as a non-diverse defendant. (R. Doc. 4-1 at 9-11).

In opposition, the Removing Defendants argue that the court has diversity jurisdiction because Ms. Donald was improperly joined. (R. Doc. 8 at 1). The Removing Defendants argue that Plaintiff's allegations against Ms. Donald are conclusory and unsupported by fact. (R. Doc. 8 at 2). The Removing Defendants further argue that Plaintiff's allegation that Ms. Donald "failed to maintain a proper lookout [and] was inattentive and/or distracted" is unfounded because Ms. Donald stated in her cross-claim that the accident occurred "suddenly and without warning." (R. Doc. 8 at 3). In addition to the police report, the Removing Defendants request the court to consider Mr. Brown's affidavit as conclusive summary-judgment evidence establishing that only Mr. Brown was at fault in the accident. (R. Doc. 8 at 3-4).

**III.   Law & Analysis**

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder of a non-diverse party can be proven when the removing defendant establishes that there is "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*,

3

326 F.3d at 646-47.  In the latter situation, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.  If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction.  *Id*.

Generally, a district court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  Where the plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," however, the district court may "pierce the pleadings and conduct a summary inquiry." *Id*.  It is within the sole discretion of the court to determine whether the court should conduct a summary inquiry into the plaintiff's possibility of recovery against the allegedly improperly-joined defendant. *See Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 309-10 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573-74)).

Although the court has discretion regarding whether the parties may conduct jurisdictional discovery, the Fifth Circuit has signaled that such discretion should be limited to where the jurisdictional discovery is likely to identify "discrete and undisputed facts" that will summarily resolve the improper joinder issue:

> While the decision regarding the procedure necessary in a given case must lie within the discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the

4

> joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Smallwood*, 385 F.3d at 573-74.  As examples of "discrete and undisputed facts" that could be identified through jurisdictional discovery, the court offered: "the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id*. at 574 n.12.  Furthermore, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction. . . ." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

Here, the court has already denied the defendants jurisdictional discovery regarding Ms. Donald's fault in the underlying accident because such an inquiry would require the court to conduct a mini-trial of Plaintiff's claims against her.  (R. Doc. 7).  Because Plaintiff's allegations against Ms. Donald would survive a 12(b)(6)-type inquiry, the court exercises its discretion in determining whether Plaintiff has alleged any possibility of recovery against Ms. Donald based solely on the allegations in the Petition.

Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315.  To establish liability in a negligence action, a plaintiff must prove five separate elements: (1) the defendant had a duty; (2) the defendant breached its duty; (3) the defendant's breach was a cause in fact of the plaintiff's injuries; (4) the defendant's breach was a legal cause of the plaintiff's

5

injuries; and (5) the plaintiff suffered actual damages. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 816 So.2d 270, 275-76 (La. 2002). Whether the defendant breached its duty and whether that breach in fact caused the plaintiff's injuries are both factual issues. *Snearl v. Mercer*, 780 So.2d 563, 574 (La. App. 1st Cir. 2001). Where there are concurrent causes of an accident, whether an individual defendant's conduct was a cause-in-fact is established by determining whether the defendant's conduct was a substantial factor in bringing about the accident. *Bonin v. Ferrellgas, Inc.*, 877 So.2d 89, 94 (La. 2004). Under Louisiana's comparative fault statute, multiple defendants can be held liable for a single accident to varying degrees of comparative fault based on their degree or percentage of fault. *See* La. Civ. Code. article 2323(A). Various factors are considered in the factual determination of how to allocate fault amongst multiple defendants: "(1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought." *Clement v. Frey*, 666 So.2d 607, 611 (La. 1996) (quoting *Watson v. State Farm Fire and Cas. Ins. Co.*, 469 So.2d 967, 974 (La. 1985).

  Here, the plaintiff has alleged that the accident and her resulting injuries were caused in part by Ms. Donald's negligence "in that she failed to maintain a proper lockout, she was inattentive and/or distracted, and, other acts of negligence that may be shown on the trial of this matter." (R. Doc. 1-1 at 14). Similarly, Plaintiff alleges that the accident and her resulting injuries were caused in part by Mr. Brown's negligence "in that Charles R. Brown came into the lane of [Plaintiff's] vehicle and struck [Plaintiff's] vehicle, causing it to flip, he was inattentive and/or distracted, he failed to yield to [Plaintiff's] vehicle, and, other acts of negligence that may

6

be shown on the trial of this case." (R. Doc. 1-1 at 14).  Based on her allegations, Plaintiff has a possibility of recovery against both Ms. Donald and Mr. Brown.  While factual issues remain regarding whether Ms. Donald's acts were a substantial factor in the accident and, if so, whether and to what degree Ms. Donald should be held at fault for the accident, resolution of those issues for the purpose of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit.[5]

In short, Plaintiff has stated a negligence claim against Ms. Brown that would survive a Rule 12(b)(6) inquiry.  Plaintiff has a possibility of recovery against Ms. Brown under Louisiana law's principles of comparative fault in negligence actions.  Accordingly, Ms. Donald was not improperly joined as a defendant and the court lacks diversity jurisdiction.

## IV.     Conclusion

For the foregoing reasons, the Removing Defendants have not met their burden of proving that Ms. Donald was improperly joined as a defendant to this action.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's Motion to Remand (R. Doc. 4) be **GRANTED**.

Signed in Baton Rouge, Louisiana, on April 17, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Even if the court considered the summary judgment type evidence submitted by the Removing Defendants—namely Mr. Brown's affidavit and the police report—the court would reach the same conclusion.  Those documents do not provide any "discrete and undisputed facts" that would preclude the plaintiff from recovering against Ms. Donald.  At most, those documents establish that Mr. Brown was at fault in the accident.  Furthermore, the Removing Defendants have not submitted to the court any case law holding that such documents would preclude a finding of comparative fault or foreclose a contribution claim.